UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RONALD ERIC MCLENDON,

        Petitioner,

v.                                    Case No. 3:04-cv-284-J-12HTS

JAMES R. MCDONOUGH,[1]
et al.,

        Respondents.
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Ronald Eric McLendon initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on April 14, 2004.[2] Petitioner challenges a 1986 state court (Suwannee County, Florida)

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition (Doc. #1) was filed in this Court on April 14, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (April 7, 2004). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

judgment of conviction for first degree murder, shooting into an occupied building, displaying a firearm during a felony and carrying a concealed firearm on the following grounds: (1) ineffective assistance of counsel due to the attorney's conflict of interest; (2) ineffective assistance of counsel for counsel's misadvising him about the consequences of his plea, and therefore the plea was involuntary; and, (3) the trial court erred when sentencing Petitioner to consecutive multiple firearm sentences on charges arising out of the same criminal episode in violation of the double jeopardy clause.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Response to This Court's Order to Show Cause Regarding Issues of Actual Innocence and Untimeliness (Doc. #14) (hereinafter Response).[3] This Court ordered the Respondents to respond to the substantive allegations of Petitioner's actual innocence claim. See Court's Order (Doc. #25). Respondents have filed their Response to Substantive Allegations of Petitioner's Actual Innocence Claim (Doc. #26) (hereinafter Supplemental Response). Petitioner was given admonitions and a time-frame to respond. See Court's Order to Show

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

Cause and Notice to Petitioner (Doc. #13); Court's Order (Doc. #25). Petitioner has properly responded.

On October 24, 1986, Petitioner entered a plea of guilty to first degree murder, shooting into an occupied building, display of a firearm during a felony and carrying a concealed firearm and received the following sentences: life imprisonment with a minimum mandatory of twenty-five (25) years for first degree murder, fifteen years for shooting into an occupied building, fifteen years for displaying a firearm during a felony and five years for carrying a concealed firearm, all to run consecutively to each other. Ex. A at 4-16; http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

The State filed an interlocutory appeal based on the trial court's suppression of the evidence seized from Petitioner's truck, and the First District Court of Appeal vacated the trial court's order of suppression and remanded the cause for further proceedings on June 24, 1986, prior to Petitioner's plea. State v. McLendon, 490 So.2d 1308, 1310 (Fla. 1st DCA 1986) (finding "under the circumstances presented -- where mere minutes lapsed between the driver's exit from his vehicle and his arrest, affording no opportunity for intervention and tampering with the evidence -- that the warrantless search was pursuant to a lawful arrest based on probable cause that the arrestee committed a murder in Florida and the scope of the search was permissible, in that the evidence

of the crime was sought from an automobile"). The Supreme Court of Florida denied review on December 3, 1986. McLendon v. State, 500 So.2d 544 (Fla. 1986).

On July 19, 1988, Petitioner, proceeding *pro se*, filed a motion for post conviction relief, raising the following claims: (1) ineffective assistance of counsel for misadvice about the consequences of his plea; (2) ineffective assistance of counsel because counsel, due to a conflict of interest, pressured Petitioner into entering the plea; and, (3) ineffective assistance of counsel for failure to file a motion to dismiss or quash the indictment. Ex. A at 22-75. Mr. William R. Slaughter, II, represented Petitioner at the evidentiary hearing on December 19, 1988. On December 30, 1988, the trial court denied relief after conducting an evidentiary hearing. Id. at 87-200. The appellate court per curiam affirmed on July 25, 1989. Ex. B. On August 8, 1989, Petitioner filed a motion for rehearing, which was denied on November 7, 1989. McClendon v. State, 551 So.2d 465 (Fla. 1st DCA 1989). The mandate was issued on November 28, 1989.

On March 10, 1992, Petitioner, through counsel (Daniel A. McKeever, Jr.) filed a petition for writ of habeas corpus, in which he sought to withdraw his pleas of guilty based on representations made by his attorney as to Petitioner's entitlement to receive commutation of his life sentence after ten years. Ex. C at 1-35. On August 27, 1992, the trial court denied relief, stating that the

5

petition "raises no new material issues that were not raised and litigated in the initial Motion for Post-Conviction Relief." Id. at 167-68.  On October 29, 1993, the appellate court per curiam affirmed, and the mandate was issued on December 21, 1993.  Ex. D.

Petitioner's conviction became final in 1986, almost a decade prior to the effective date of the AEDPA.  Thus, the one-year limitation period in Petitioner's case began to run on April 24, 1996.  See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996.") (citations omitted), cert. denied, 528 U.S. 1085 (2000).  Accordingly, Petitioner should have filed this action on or before April 24, 1997, unless any periods of time can be excluded from this one-year grace period because Petitioner was pursuing a properly filed application for state post-conviction relief.

On December 16, 1996, Petitioner, proceeding *pro se*, filed a second motion for post conviction relief, raising the following claims:  (1) the procedural bar based on the two-year time limitation for filing a Rule 3.850 motion does not apply in this case; (2) the trial court erred when sentencing Petitioner to the lesser included offense of carrying a concealed firearm; (3) the trial court failed to utilize a sentencing guidelines score sheet

6

in sentencing him; and, (4) the trial court erred when sentencing him without pronouncing credit for jail time served. Ex. E at 1-67. On February 21, 1997, the trial court denied the second motion for post conviction relief as untimely (stating that it was not filed within two years after he was sentenced) and successive or an abuse of process (stating he had filed a previous motion for post conviction motion that was denied on December 30, 1988). Id. at 68. The appellate court per curiam affirmed on April 16, 1998, and the mandate was issued on June 18, 1998. Ex. F.

This second motion for post conviction relief did not toll the one-year period of limitation since it was not "properly filed." See Drew v. Dep't of Corr., 297 F.3d 1278, 1284-85 (11th Cir. 2002), cert. denied, 537 U.S. 1237 (2003); Webster v. Moore, 199 F.3d 1256, 1257 (11th Cir.) (per curiam) (stating that claims considered procedurally barred under state law for reasons such as untimeliness were not properly filed and therefore could not toll the one-year period of limitation), cert. denied, 531 U.S. 991 (2000).

Thus, the one-year period of limitation expired on April 24, 1997. Thereafter, on January 2, 2001, Petitioner, proceeding *pro se*, filed a motion to correct illegal sentence, raising the following claims: (1) the trial court erred by sentencing Petitioner to multiple firearm charges arising out of the same criminal episode; (2) the trial court erred by sentencing him

without utilizing the guidelines score sheet; and, (3) the trial court erred by not awarding Petitioner 505 days of jail time credit. Ex. I at 1-10. On August 8, 2002, the trial court denied the motion. Id. at 51-58. The appellate court per curiam affirmed on December 5, 2002, and the mandate was issued on December 31, 2002. Ex. J.

On January 22, 2001, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in the appellate court, claiming that he was denied effective assistance of post-conviction counsel on collateral appeal in that his counsel (William R. Slaughter, II) failed to recognize the incomplete nature of the order denying the Rule 3.850 motion until 1994. Ex. G. The appellate court per curiam denied the petition on February 23, 2001. Ex. H.

When post conviction motions are filed after the expiration of the federal limitation period, the motions cannot toll the limitation period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002).

Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed

8

upon him. Petitioner claims that the Court should reach the merits of his claims despite the untimeliness of this action because he is actually innocent.

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of Petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

Thus, this Court finds that Petitioner has not made a showing of actual innocence. He has failed to establish that his guilty

plea "has probably resulted in the conviction of one who is actually innocent."  Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted); United States v. Montano, 398 F.3d 1276, 1285 n.8 (2005); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2nd Cir.) ("Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same – *i.e.*, the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'") (citations omitted), cert. denied, 531 U.S. 873 (2000).

Petitioner has asserted that a psychologist's opinion[4] that he was unable to form the premeditated intent for the first degree murder of Linda Worgum should be considered as "new evidence" because his coerced plea prevented the evidence from being presented to a jury.  As noted by Respondents (Supplemental Response at 4), Petitioner has admitted to knowing about the psychological evidence prior to entering the guilty plea.  See Petition at 12.[5]

---

[4] Petitioner cites to Dr. McMahon's deposition (taken on October 14, 1986), in which she states Petitioner was not capable of forming the premeditated intent to take the life of Linda Worgum.  See Petitioner's Exhibit W at 47-49.

[5] Petitioner has stated that "[e]xtensive preparation had been made to present a defense that McLendon was in a psychotic state of mind at the time he shot Linda Worgum, and unable to formulate premeditation."  Petition at 12.

10

After reviewing the entire record before this Court, it is evident that Petitioner has failed to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. Petitioner has failed to identify any evidence that was unavailable which would support a claim of actual innocence. The evidence identified by Petitioner was known to him and available at the time of the trial. Petitioner's counsel had undergone extensive preparations to pursue a defense at trial (that Petitioner was <u>not</u> capable of forming the premeditated intent to take Ms. Worgum's life); however, Petitioner decided to enter a guilty plea just before proceeding to trial. The Court finds Petitioner's allegations of actual innocence to be insufficient. <u>See</u> Respondents' Supplemental Response (Doc. #26).

Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this   23rd   day of May, 2006.

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

sc 5/18
c:
Ronald Eric McLendon
Assistant Attorney General (Rollison)